NO. 07-05-0252-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 17, 2006
_____

NICOLAS CORONADO, SR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 96-2317; HONORABLE CARTER T. SCHILDKNECHT, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Nicolas Coronado, Sr. appeals from the trial court's determination to proceed with adjudication and an assessment of 15 years confinement in the Texas Department of Criminal Justice, Institutional Division. We dismiss for want of jurisdiction.

Factual and Procedural Background

Appellant entered a plea of guilty to the charge of indecency with a child on July 31, 1996, and was placed on deferred adjudication for a period of ten years. No appeal was

taken from the initial plea.  Subsequently, the terms and conditions of probation were modified two times, eventually leading to the State filing an application to adjudicate the appellant for violating the terms and conditions of probation on August 20, 2001.  The State filed two amended applications to adjudicate.  The final application to adjudicate was filed on March 7, 2005, alleging seven different violations of the Court's order regarding community supervision.  A hearing on the State's amended application was held on April 1, 2005, and appellant was adjudicated guilty of indecency with a child and sentenced to 15 years confinement.

Appellant raises two issues on appeal.  First, appellant argues that the trial court abused its discretion by denying his motion for new trial.  Second, appellant urges that the evidence was insufficient to proceed to adjudication.  We begin by addressing appellant's second issue.

Analysis

Initially, we note that the determination to adjudicate the appellant is controlled by article 42.12, section 5(b) of the Texas Code of Criminal Procedure wherein it is provided that a defendant may not appeal from a trial court's determination to proceed with adjudication of guilt. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp. 2005); Hogans v. State, 176 S.W.3d 829, 832 (Tex.Crim.App. 2005).  Thus, consideration of appellant's second issue, the sufficiency of the evidence to adjudicate, is foreclosed by statute.  We do not have jurisdiction to consider this matter and, therefore, nothing is presented for our review.

2

As to appellant's first issue, the hearing on the State's amended application to adjudicate, was a unitary hearing without a separate and distinct punishment hearing after the adjudication of the appellant for the offense of indecency with a child. Accordingly, in reviewing appellant's first issue, that the trial court abused its discretion in denying appellant's motion for new trial, we must initially determine whether the allegations of abuse of discretion are directed toward aspects of the punishment phase of the case, as those may be appealed. See id. at 833. Appellant's motion for new trial is focused on the alleged ineffective assistance of counsel and the reasons why appellant violated his probation. These are not allegations that directly and distinctly concern the sentence imposed and, therefore, are not appealable. See id. at 834. Inasmuch as these allegations are not appealable, the denial of a hearing on a motion for new trial alleging these matters is not an abuse of discretion. Bahm v. State, 184 S.W.3d 792, 796-97 (Tex.App.–Beaumont 2006, pet. filed). Accordingly, we do not have jurisdiction to consider this matter and, therefore, cannot review appellant's first issue.

## Conclusion

Having determined that we do not have jurisdiction over the matters raised, the appeal is dismissed.

Mackey K. Hancock
Justice

Do not publish.